ORIGINAL

# In the United States Court of Federal Claims

No. 16-137T
(Filed: September 26, 2016)

FILED
SEP 2 6 2016
U.S. COURT OF
FEDERAL CLAIMS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| CHARLES C. SUPPLEE, | \* |
| | \* |
| Plaintiff, | \* |
| | \* |
| v. | \* |
| | \* |
| THE UNITED STATES, | \* |
| | \* |
| Defendant. | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER OF DISMISSAL

**WILLIAMS**, Judge.

This case comes before the Court on Defendant's motion to dismiss the complaint. For the reasons stated below, Defendant's motion to dismiss is granted.

### Background

Plaintiff pro se Charles Supplee alleges that the Internal Revenue Service ("IRS") has "illegally levied [his] labor, to wit: [his] exempt pension fund and [his] Social Security," and that he "is, and always has been, a nontaxpayer." Compl. ¶¶ 2, 7. Plaintiff also alleges violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") as well as the Hobbs Act, and "patterns of racketeering activity, fraud, conspiracy to commit fraud, and extortion." Id. at ¶¶ 11, 14. Plaintiff claims that Defendant has violated his right to privacy and his right to be secure in his house, papers and effects. Id. at ¶¶ 15-16.

Plaintiff seeks actual damages "in excess of $165,000, trebled to in excess of $495,000" and $1,000,000 in punitive damages. Plaintiff further requests that the Court enjoin Defendant from instituting any civil or criminal proceedings against him and order Defendant to release any liens and levies against Plaintiff. Id. at ¶¶ 19-22.

7012 3460 0001 7791 6961

## Discussion

Plaintiff must first establish subject-matter jurisdiction before the Court may proceed to the merits of the action. Hardie v. United States, 367 F.3d 1288, 1290 (Fed. Cir. 2004). The Court must dismiss the action if subject-matter jurisdiction is found to be lacking. Adair v. United States, 497 F.3d 1244, 1251 (Fed. Cir. 2007). The Court assumes all factual allegations as true, and will construe the complaint in a manner most favorable to the Plaintiff when ruling on a motion to dismiss pursuant to Rule 12(b)(1). Pennington Seed, Inc. v. Produce Exch. No. 299, 457 F.3d 1334, 1338 (Fed. Cir. 2006).

The filings of pro se litigants are held to "'less stringent standards than formal pleadings drafted by lawyers.'" Naskar v. United States, 82 Fed. Cl. 319, 320 (2008) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). However, pro se plaintiffs still bear the burden of establishing the Court's jurisdiction, and must do so by a preponderance of the evidence. See Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988); Tindle v. United States, 56 Fed. Cl. 337, 341 (2003).

The Tucker Act, 28 U.S.C. § 1491(a)(1) (2012), provides that this Court

> shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

The Tucker Act does not create a substantive right for money damages against the United States, but rather is a jurisdictional statute. United States v. Testan, 424 U.S. 392, 398 (1976). A plaintiff must show that he or she is entitled to money damages from an additional source of substantive law. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008).

Plaintiff invokes 26 U.S.C. § 7426 as a basis for this Court's jurisdiction. Section 7426 however, bestows jurisdiction on United States district courts, not this court, for wrongful levies. 26 U.S.C. § 7426(a)(1) (2012); Pacetti v. United States, 50 Fed. Cl. 239, 252 (2001). Further, actions under this statute must be brought by a third party, not by the party against whom the tax was assessed. Simmons v. United States, 127 Fed. Cl. 153, 161 (2016).

Although this Court has jurisdiction over actions for tax refunds, Plaintiff has not alleged that he fulfilled the statutory requirements for bringing such a claim. 28 U.S.C. § 1346(a)(1) (2013). In order to invoke jurisdiction in this Court in a tax refund suit, a plaintiff must have paid all taxes, penalties, and interest in full and have filed a refund claim with the IRS for the amount of tax at issue. 26 U.S.C. § 7422(a) (2012); Ledford v. United States, 297 F.3d 1378, 1382 (Fed. Cir. 2002); see also Flora v. United States, 357 U.S. 63, 72-73 (1958). Plaintiff, however, claims that he has never been a taxpayer and is not required to pay his assessed taxes. Plaintiff nonetheless alleges that he filed "an administrative claim for a refund in August of 2015." Pl.'s Resp. 1. The document that Plaintiff characterizes as a refund claim is an administrative claim that the IRS has illegally levied his property in the amount of $143,688.55. Id. at Ex. A. This administrative claim does not constitute a refund claim - - it does not provide notice to the IRS that a claim for a refund is being made or identify the legal and factual bases for the claim. See Mobil Corp. v. United States, 67 Fed. Cl. 708, 716 (2005) (stating that a refund claim to the IRS must provide actual or

constructive notice that a right to a refund for a specific tax year is being asserted and a description of the factual and legal bases for the refund claim). Moreover, Plaintiff has not alleged that he has paid taxes or identified a tax year for which he is seeking a refund. As such, this Court lacks jurisdiction over Plaintiff's refund claim.

Plaintiff also alleges violations of RICO and the Hobbs Act, but this Court does not have jurisdiction over claims arising under either statute. Haka v. United States, 107 Fed. Cl. 111, 114 (2012) (finding that this Court cannot decide "Hobbs Act claims because they either involve criminal violations or sound in tort"); Dumont v. United States, 85 Fed. Cl. 425, 430 (2009) (finding that this Court "does not exercise jurisdiction over criminal claims, including those arising under the RICO Act.").

Additionally, this Court does not have jurisdiction over Plaintiff's alleged violation of his right "to be secure in his house, papers and effects," which the Court construes as a violation of the Fourth Amendment. The Fourth Amendment is not money-mandating. See LaChance v. United States, 15 Cl. Ct. 127, 130 (1988) ("[T]he fourth amendment does not mandate the payment of money by the United States . . . . As a consequence, this court . . . cannot assert jurisdiction over . . . claims based on the fourth amendment search and seizure provisions . . . ."). To the extent that Plaintiff alleges a violation of his right to privacy, this Court also lacks jurisdiction. The Constitution does not expressly address the right of privacy, but the First, Fourth, and Ninth Amendments, as well as the due process clauses of the Fifth and Fourteenth Amendments have been interpreted to provide the "roots" of this right. See Roe v. Wade, 410 U.S. 113, 152-53 (1973). This Court does not possess jurisdiction to entertain claims of violations of these Constitutional provisions. See LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (finding that this Court does not have jurisdiction over claims alleging violations of the due process clauses of the Fifth and Fourteenth Amendments); LaChance, 15 Cl. Ct. at 130; Featheringill v. United States, 217 Ct. Cl. 24, 33 (1978) (holding that the First Amendment does not mandate the payment of money and may not serve as a jurisdictional basis for plaintiff's law suit); Zhao v. United States, 91 Fed. Cl. 95, 99 (2010) (finding that the Ninth Amendment is not a money-mandating source of law).

### Conclusion

Defendant's motion to dismiss is **GRANTED**. The Clerk is directed to dismiss this action.

*Mary Ellen Coster Williams*
MARY ELLEN COSTER WILLIAMS
Judge